IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
September 27, 2006

| | |
|---|---|
| IN RE:<br><br>KEITH LYNELL CHAMBERLAIN,<br><br>Debtor. | Case No. 05-16649-M<br>Chapter 7 |
| CITIBANK (SOUTH DAKOTA) N.A.,<br><br>Plaintiff,<br><br>v.<br><br>KEITH LYNELL CHAMBERLAIN,<br><br>Defendant. | Adv. Proc. No. 05-1239-M |

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Summary Judgment and Brief in Support Thereof (the "Motion") filed August 29, 2006, by Citibank (South Dakota) N.A., Plaintiff herein ("Plaintiff" or "Bank").  Keith Lynell Chamberlain, the Defendant herein ("Defendant" or "Chamberlain") has failed to respond to the Motion.  At issue is whether a debt owed to the Plaintiff by the Defendant should be excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code.[1]  The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] "[W]here the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."[3] It is well established that

> [i]n reviewing a summary judgment motion, the court is to view the record in the light most favorable to the nonmoving party. The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims. Unsupported conclusory allegations thus do not create a genuine issue of fact. To withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.[4]

Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[5]

---

[2] Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bank. P. 7056.

[3] *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487-88 (1984)).

[4] *In re Grandote Country Club Co.,* 252 F.3d 1146, 1149-50 (10th Cir. 2001) (internal quotes and citations omitted).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**Burden of Proof**

Exceptions to discharge are to be narrowly construed in favor of the debtor so as to promote the "fresh start" policy of the Bankruptcy Code.[6] Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[7]

**Effect of the Defendant's Failure to Respond**

The findings of fact are based largely upon the requests for admission (the "Requests") appended to the Motion. Under Federal Rule of Civil Procedure 36(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036, a matter for which an admission is requested is deemed admitted unless the party to whom the request is directed answers or objects within thirty (30) days after service of the request. Defendant has failed to answer or object to the Requests within the required time; indeed, Defendant has not responded to any of the discovery propounded upon him in this adversary proceeding.

In addition, the Local Rules which govern adversary proceedings in this Court provide that "[a]ll material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material."[8] The purpose of the rule is self-evident: by requiring the parties to specifically identify disputed factual issues, and by requiring a showing of some sort of evidentiary basis for the dispute, the Court is able to readily discern what is truly at issue, and sift through motions for summary judgment with greater efficiency. If the rule is not enforced, then

---

[6] *See Jones v. Jones (In re Jones),* 9 F.3d 878, 880 (10th Cir. 1993).

[7] *See Grogan v. Garner,* 498 U.S. 279, 287 (1991).

[8] Bankr. N.D. Okla. LR 7056(b).

parties would be able to defeat motions for summary judgment by merely attempting to cloud the record with confusion instead of meeting the matter head on.

The Defendant appears in this matter *pro se.* The Court is well aware that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9] Nevertheless, a *pro se* litigant must "follow the same rules of procedure that govern other litigants."[10] To the extent the Defendant has failed to respond to the Requests, those Requests are deemed admitted. Moreover, as a result of his failure to respond to the Motion, the factual allegations made therein are deemed established.

### Findings of Fact

The Court finds the following facts are undisputed for purposes of the Motion:

1. Plaintiff, a national bank located at Sioux Falls, South Dakota, is in the business of extending credit card loans to cardholders located in all fifty (50) states. Cardholders request extensions of credit from Plaintiff by using a credit card provided by the Plaintiff.

2. Defendant is a cardholder of Plaintiff who, from time-to-time, requested Plaintiff to extend credit by using the credit card provided by Plaintiff.

3. The relationship between Plaintiff and Defendant (the "Account") is governed by a written agreement. Defendant agreed to the terms of the agreement by using the credit card. Pursuant to that agreement, Defendant promised to repay all extensions

---

[9] *Shaffer v. Saffle,* 148 F.3d 1180, 1181 (10th Cir. 1998) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

[10] *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992)).

        of credit as they became due in accordance with the terms and conditions set forth in the cardholder agreement.

4. The written agreement between Plaintiff and Defendant calls for a payment of reasonable attorney's fees and costs expended by Plaintiff in the collection of the Account.

5. The Defendant used the credit card. The balance due on the Account, as of the date of filing of the Chapter 7 petition on September 26, 2005, was $5,364.49.

6. From July 11, 2005, to July 23, 2005, Defendant purchased $3,245.18 in merchandise and/or services and made $1,070.00 in cash advances on the Account.

7. The majority of charges made by the Defendant were for luxury goods and services.

8. The Plaintiff submitted the Requests to Defendant on March 3, 2006.

9. Defendant has failed to respond to the Requests.

10. As a result of Defendant's failure to respond to the Requests, the following facts are deemed admitted for the purposes of the Motion:

    a. Defendant incurred all the charges on the Account.

    b. When Defendant incurred the charges:

        i. His regular monthly expenses exceeded his regular monthly income.

        ii. He was insolvent.

        iii. He did not have the present ability to repay the charges.

        iv. He did not expect to be able to repay the charges in the future.

        v. The facts and circumstances known to him concerning his ability to repay indicated that he would not be able to repay the charges.

    vi. Defendant did not intend to repay the charges incurred on the Account at the time they were incurred.

    vii. He knew that his current and future household income was insufficient to repay the charges.

  11. Plaintiff justifiably relied on Defendant's representation that he intended to repay the charges.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," such items are incorporated herein by this reference.

## Conclusions of Law

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt

> **(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.[11]

In order to prevail under this section, a creditor must establish each of the following elements by a preponderance of the evidence:

 (1) That a representation was made by the debtor;

 (2) That the representation was false;

 (3) That the representation was made with the intent to deceive the creditor;

 (4) That the creditor relied upon the representation;

 (5) That such reliance was justifiable; and

---

[11] § 523(a)(2)(A).

(6) That, as a result of such reliance, the creditor suffered loss.[12]

Unless all of these elements are established by a preponderance of the evidence, the debt is dischargeable.

*Representation*

In *Herrig,* this Court has ruled that a signature on a charge slip constitutes a representation by the card holder of a subjective intent to repay the charges made in accordance with the terms of the credit agreement.[13] Accordingly, the Court finds that as Defendant used the credit card, he represented to Bank that he intended, some day, according to the terms of the credit agreement, to repay the amounts charged with interest as specified in the credit agreement.[14]

*Falsity and Intent to Deceive*

As this Court stated in *Herrig*, "the focus of the inquiry here is not whether the debtor represented that he had the ability to repay the advances at issue, but instead whether the debtor represented that he would repay the advances at a time when he had no intent to do so."[15] In this case, the Defendant has admitted that he did not intend to pay the charges incurred on the Bank card at the time he incurred them. Bank has met its burden on this issue.

*Justifiable Reliance*

---

[12] *AT&T v. Herrig (In re Herrig),* 217 B.R. 891, 895–96 (Bankr. N.D. Okla. 1998).

[13] *Id.* at 896.

[14] As noted in *Herrig*, "[t]he Court does not believe that the use of a credit card should be considered a statement of a current **ability** to pay for purposes of § 523(a)(2)(A). As several courts have noted, '[N]on-written representations respecting a debtor's financial condition may not form the basis of a nondischargeability lawsuit under § 523(a)(2)(A).'" *Id.* (citing *AT&T Universal Card Services v. Akdogan (In re Akdogan),* 204 B.R. 90, 95 (Bankr. E.D.N.Y. 1997) (and cases cited therein)).

[15] *Id.* at 897.

7

This element was admitted for purposes of this litigation as a result of the Defendant's failure to respond to the Requests.

*Damages*

Plaintiff seeks damages in the amount of $4,230.79, which represents a portion of the charges incurred by Defendant on the Account. The method of calculation of this amount is unclear. However, given that the amount sought is less than the amount due to the Bank, and given the admissions of the Defendant which establish the non-dischargeability of his obligations to the Bank, the Court has no concern with finding this amount non-dischargeable.

Bank also seeks an award of attorneys' fees incurred in this action. Bank does not provide the Court with any statutory basis for an award of such fees. This Court has previously expressed the opinion that, unless a specific provision of the United States Bankruptcy Code authorizes an award of fees, the Court will follow the "American Rule," and expect each party to bear its own fees in contested matters and adversary proceedings.[16] The Court sees no reason to depart from this reasoning in the present case.

**Conclusion**

The Motion is granted. The debt owed by Defendant to Plaintiff is non-dischargeable in the

---

[16] *See In re Nichols*, 221 B.R. 275 (Bankr. N.D. Okla. 1998).

amount of $4,230.79.  A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

        Dated this 27th day of September, 2006.

                      BY THE COURT:

                      TERRENCE L. MICHAEL, CHIEF JUDGE
                      UNITED STATES BANKRUPTCY COURT

4692.3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2006, I mailed by first-class United States mail a true and correct copy of the foregoing Memorandum Opinion to the party listed below:

Keith Lynell Chamberlain
4618 North Cincinnati Place
Tulsa, OK 74126

*/s/ Judy Johnson*